**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

FILED
AUG 30 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**Eleazar Totten,**
**Petitioner,**

v.

**R. C. Mathena,**
**Respondent.**

**1:11cv746 (CMH/JFA)**

MEMORANDUM OPINION

Eleazar Totten, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions of robbery and use of a firearm in the commission of a robbery entered in the Circuit Court of Newport News. On April 22, 2013, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting memorandum and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a reply with an additional exhibits. For the following reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

## I. Background

On December 22, 2008, Totten was convicted following a jury trial of robbery and a related firearms offense. Case Nos. CR06060013-00 and 06060014-00. The underlying facts were described by the Court of Appeals of Virginia as follow:

> [T]he evidence proved that on June 29, 2006, appellant entered a Shell station and demanded that the clerk give him six money orders of $500 each, or $3,000 total. Appellant pointed a gun at the clerk while he demanded the money orders. Approximately four hours

> later, the police arrested appellant and Daron Pierce after Pierce attempted to cash two or three money orders, which were stolen from the Shell station.
>
> After advising appellant of his Miranda rights, the police showed appellant still pictures taken from the surveillance cameras of the Shell station. Appellant 'replied that the pictures only showed him standing there and didn't show him robbing the store.'
>
> At the time of his arrest, appellant wore the same clothes as the robber did in the surveillance video. The clothing consisted of a black t-shirt, jeans, and a black hat with the number 50 on it. The robber wore the hat backwards, so the number 50 was in the back.
>
> During the trial, the jury witnessed the video from the surveillance cameras and heard the audio from the robbery. The jury found appellant guilty of robbery and use of a firearm during the commission of a robbery.

Totten v. Commonwealth, R. No. 0039-09-1 (Va. Ct. App. May 28, 2009), slip op. at 2-3. Totten received a sentence of thirty-eight (38) years incarceration.

Totten took a direct appeal, arguing that the evidence was insufficient to sustain his conviction of robbery. The petition for appeal was denied by a judge of the Court of Appeals of Virginia on May 28, 2009. Totten v. Commonwealth, supra; Resp. Ex. A. On September 26, 2009, a three-judge panel denied the petition for the reasons stated in the order of May 28. Id. The Supreme Court of Virginia refused a petition for further review on February 16, 2010. Totten v. Commonwealth, R. No. 091977 (Va. Feb. 16, 2010); Resp. Ex. B.

On February 11, 2010, Totten filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

> A. Counsel was ineffective because he did not raise claims Totten wanted to raise, including (1) violation of the speedy trial rule, (2) violation of the Fourth Amendment, (3) a "Fourth Fifth and Sixth Amendment Miranda rights claim," and (4) violations

of Virginia Supreme Court rules 3A:3 and 4.

B. Counsel was ineffective because the petition for appeal was dismissed for failure to comply with applicable appellate rules.

C. Counsel was ineffective for failing to consult with Totten prior to filing the petition for appeal.

D. Counsel's errors entitle Totten to a belated appeal.

By Order dated June 21, 2010, Totten's petition was dismissed. Totten v. Warden, Wallens Ridge, R. No. 100269 (Va. June 21, 2010); Resp. Ex. B. Totten claims on the face of his federal petition that he withdrew the state petition and it was dismissed without prejudice, but in fact the state petition was adjudicated on the merits. Id., slip op. at 2 ("Petitioner's appeals to the Court of Appeals and to this Court were refused on the merits, not procedurally dismissed.").

On November 29, 2010, Totten filed a second application for habeas corpus relief in the Supreme Court of Virginia, this time raising the following arguments:

A. Counsel was ineffective for refusing to raise due process claims at trial and on direct appeal.

B. The evidence was insufficient.

C. His Fourth Amendment rights were violated by an unlawful seizure.

D. His rights under Miranda were violated.

E. His right to a speedy trial was violated.

F. He was the victim of prosecutorial misconduct.

G. The Fourth Amendment and Virginia Supreme Court rules were violated.

On June 9, 2011, the Supreme Court of Virginia dismissed Totten's second petition "on grounds

that no writ shall be granted on the basis of any allegation the facts of which the petitioner had knowledge at the time of filing any previous petition. Code § 8.01-654(B)(2)." Totten v. Warden, Wallens Ridge, R. No. 102256 (Va. June 9, 2011); Resp. Ex. C.

Totten then turned to the federal forum and filed the instant petition for § 2254 relief on June 20, 2011,[1] raising the following claims:

A. He received ineffective assistance of counsel where his lawyer refused to raise due process issue at trial and on direct appeal.

B. The evidence was insufficient "in violation of the Fourteenth Amendment."

C. His Fourth Amendment rights were violated by an unlawful search and seizure.

D. His Miranda rights were violated in derogation of the "4th, 5th and 6th Amendments."

E. His right to a speedy trial was violated.

F. He was the victim of prosecutorial misconduct when impeachment evidence was not disclosed.

G. Rules 3A:3 and 3A:4 of the Supreme Court of Virginia were violated.

H. His rights under the Fourth Amendment were violated because there was no probable cause for his arrest.

As noted above, respondent has moved to dismiss the petition, and petitioner has filed a

---

[1]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Totten's § 2254 application does not indicate the date it was deposited in the prison mail system, but it was executed on June 20, 2011. In the absence of evidence to the contrary, the Court will assume that the petition was delivered for mailing that same day.

reply. Accordingly, this matter is now ripe for determination.

## II. Exhaustion and Procedural Default

Most of petitioner's claims are procedurally defaulted from federal review. As a general rule, a federal petitioner must first exhaust his claims in state court, and failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

This does not end the exhaustion analysis, however, because "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides and independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal claim." Breard v. Pruett, 135 F.3d 615, 619 (4th Cir.), cert. denied sub nom., Breard v. Greene, 523 U. S. 371 (1998). Thus, "[a] habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and

'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir.), cert. denied, 519 U.S. 1002 (1996). A state procedural rule is "adequate if it is firmly established and regularly or consistently applied by the state courts, and "independent" if it does not depend upon a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998, cert. denied, 526 U.S. 1095 (1999).)

Here, claims C through H of this federal petition as listed above were first presented to the Virginia courts in Totten's second state habeas corpus application. Upon review, the Supreme Court of Virginia dismissed that petition on the authority of Va. Code § 8.01-654(B)(2), which prohibits successive habeas actions. Totten v. Warden, Wallens Ridge, supra; Resp. Ex. C. Therefore, claims C through H are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

When a habeas corpus claim was procedurally defaulted in the state forum, federal courts may not review it absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In this case, after respondent argued that claims C through H are procedurally defaulted, petitioner filed a reply in which he argues that the claims should be considered on the merits because he is acting pro se and his efforts accordingly are entitled to liberal construction. He

further contends that Va. Code § 8.01-654 "surely contemplates that a timely habeas petition filed by a prisoner receive a merits adjudication." Pet. Reply at 1. To the contrary, however, as discussed above, Va. Code § 8.01-654(B)(2) expressly prohibits successive state habeas applications, regardless of both their timeliness and the pro se status of their authors. That rule thus was appropriately applied by the Supreme Court of Virginia in barring Totten's second state habeas application. As plaintiff has failed to demonstrate either cause and prejudice for the default of claims C through H or that a miscarriage of justice will result if they are not considered, they are procedurally barred from federal consideration on the merits.

**III. Merits Standard of Review**

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court

decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

**IV. Analysis**

In his first claim, which was raised and exhausted in his first state habeas proceeding, Totten argues that he received ineffective assistance of counsel when his lawyer failed to raise several due process issues at trial and on direct appeal. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th

Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. See Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987).

When Totten raised the same compound claim of ineffective assistance he makes here in his state habeas corpus proceeding, the Supreme Court of Virginia found it to be without merit, as follows:

> In a portion of claim (1), petitioner alleges he was denied the effective assistance of counsel because counsel failed to raise issues on appeal that petitioner directed him to address. Specifically, petitioner contends counsel failed to assert petitioner's 6th Amendment speedy trial claim, 4th Amendment unlawful seizure and arrest claim, 4th, 5th and 6th Amendment Miranda rights claim, and claims regarding the violations of Rules 3A:3 and 4. In another portion of claim (1), petitioner contends counsel refused to consult with him prior to filing the petition for appeal and, had counsel met with him, counsel would have known to raise additional grounds for appeal.
>
> The Court holds that these portions of claim (1) satisfy neither the 'performance' nor the 'prejudice' prong of Strickland ... The record, including counsel's affidavit and the letters counsel sent to petitioner, demonstrates that counsel attempted to meet in person with petitioner at the regional jail, but that petitioner had already been transferred to the Department of Corrections, and that counsel subsequently communicated with petitioner by mail. Further, the selection of issues to be addressed on appeal is left to the discretion of appellate

> counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.
>
> In another portion of claim (1), petitioner alleges he was denied the effective assistance of counsel because the petition for appeal filed by counsel was dismissed by the appellate court due to a failure to adhere to proper form, procedure and time limits. In another portion of claim (1), petitioner alleges he is entitled to a belated appeal due to counsel's errors.
>
> The Court holds that these portions of claim (1) are without merit. Petitioner's appeals to the Court of Appeals and to this Court were refused on the merits, not procedurally dismissed.

Totten v. Warden, supra, slip op. at 1-2.

For the reasons articulated by the state appellate court, Totten's allegations of ineffective assistance do not satisfy the Strickland test. Totten has supplied a copy of appellate counsel's affidavit, Pet. Reply, Ex. 1, and its contents are accurately reflected in the foregoing opinion. In addition, as the state court held, federal law recognizes that the choice of what issues to raise on appeal is a strategic decision that generally will not support habeas corpus relief. Jones, 463 U.S. at 751-52. As Totten has failed to carry his burden to demonstrate that the rejection of his ineffective assistance of counsel arguments was either contrary to, or an unreasonable application of, that controlling federal law, or was based on an unreasonable interpretation of the record facts, the same result is compelled here. Williams, 529 U.S. at 412 - 13.

In his second claim, which was raised and exhausted on direct appeal, petitioner contends that the evidence was insufficient to sustain his convictions. The Court of Appeals of Virginia rejected this contention on the following holding:

> Appellant argues that the trial court erred in denying his motion to strike. Appellant contends that the evidence was not sufficient to find

him guilty of robbery and use of a firearm during a robbery.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E. 2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

* * *

Appellant argues that the evidence was insufficient to convict him because the clerk could not identify him from a photographic lineup a day after the robbery. Although the clerk could not identify appellant from a photographic lineup, she did positively identify him at trial.

Appellant does not argue that the witness' identification of him was inadmissible. Rather, appellant argues that the witness' identification testimony was insufficient to support the convictions. Although the admissibility of the identification is not challenged, the reliability factors enunciated in Neil v. Biggers, 409 U.S. 188 (1972), are significant circumstances that may be considered, along with the other evidence, in determining the sufficiency of the evidence. See Smallwood v. Commonwealth, 14 Va. App. 527, 530, 418 S.E. 2d 567, 568 (1992). The factors for determining the reliability of identification testimony include

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Biggers, 409 U.S. at 199-200.

Here, the robbery took place over several minutes, so the clerk had sufficient time to view the robber. She could describe his clothing, and she was certain at the trial that appellant was the robber. However, the main identification of appellant as the robber was the surveillance video and audio. The jury had the opportunity to view the surveillance video and hear the robber in the video. Appellant represented himself at trial, so the jury had the opportunity to view

> appellant and hear his voice. The jury also could compare the clothes worn by appellant at the time of his arrest with the clothes worn by the robber in the video. The jury could determine that the robber in the video and appellant were the same person.
>
> Appellant also questions the reliability of Pierce as the Commonwealth's witness. Pierce is a convicted felon. Pierce testified that appellant gave Pierce the money orders from the robbery to cash for him. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App., 133, 138, 455 S.E.2d 730, 732 (1995). The jury believed Pierce's testimony.
>
> Although appellant argues that there is a "reasonable hypothesis that someone other than [appellant] robbed" the clerk, the surveillance video from the robbery and the clerk's testimony support the conclusion that appellant was the one who robbed the clerk. The additional evidence from the police, including appellant's clothing, supports the convictions.

Totten v. Commonwealth, supra, slip op. at 2-4. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992)

for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Totten guilty of the crimes with which he was charged. See Jackson, 443 U.S. at 319. Accordingly, the state courts' denial of relief on petitioner's second claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, the same result is compelled here. Williams, 529 U.S. at 412-13.

**V. Conclusion**

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for a writ of habeas corpus will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 30th day of August 2013.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia